IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01033-BNB

LESTER L. WASHINGTON, MA, M.ED., ABD,

    Plaintiff,

v.

CSUFT COLLINS,
CSUBOG,
CSUFC,
HDFS, et al.,

    Defendants.

---

## ORDER OF DISMISSAL

---

    Plaintiff, Lester L. Washington, initiated this action by filing *pro se* a Title VII Complaint (ECF No. 1).  On April 26, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Washington to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On May 30, 2012, Magistrate Judge Boland entered a minute order granting Mr. Washington an extension of time until June 29, 2012, to file an amended complaint.  On June 29, 2012, Magistrate Judge Boland entered a minute order granting Mr. Washington a second extension of time until August 1, 2012, to file an amended complaint.  On August 7, 2012, Magistrate Judge Boland entered a minute order granting Mr. Washington's motion for a final extension of time to locate counsel and file an amended complaint. Pursuant to Magistrate Judge Boland's August 7 minute order, the deadline to file an amended complaint was extended to October 1, 2012.  Magistrate Judge Boland

advised Mr. Washington in the August 7 minute order that he must file an amended complaint on or before October 1 even if his efforts to retain counsel are not successful and that no further extensions would be granted absent extraordinary circumstances. Magistrate Judge Boland also advised Mr. Washington that his efforts to litigate other cases are not an extraordinary circumstance that would justify an extension of time.

On October 1, 2012, Mr. Washington filed an amended Title VII Complaint (ECF No. 31). On October 2, 2012, Mr. Washington filed a motion (ECF No. 32) seeking to replace various pages of the amended complaint. On October 9, 2012, Mr. Washington filed an emergency motion to stay all court proceedings (ECF No. 33) until January 30, 2013. Also on October 9, 2012, Mr. Washington filed a motion (ECF No. 34) seeking permission to file another amended pleading on or before December 20, 2012, in order to make the pleading more concise. Mr. Washington alleges in support of his motion for additional time to file another pleading that he is negotiating with an attorney to represent him in this action, he has had several emergency school and counseling responsibilities, he is counseling one person who has a son accused of a heinous crime, he has had several family emergencies, and he needs to make additional corrections. Mr. Washington also provides detailed allegations in support of the motion for additional time to file another amended pleading that relate to his efforts to litigate other actions.

Mr. Washington's motion to submit corrected pages (ECF No. 32) will be granted, although it appears that three of the four pages he submits with the motion are identical to the corresponding pages in the amended complaint. The motion for a stay (ECF No. 33) will be denied because it is not clear why Mr. Washington seeks a stay and he fails to present any reasons that would justify a stay. To the extent Mr. Washington seeks a

stay to file another amended pleading, that request is repetitive of his motion seeking additional time to file another amended pleading.

Mr. Washington's motion for additional time to file another amended pleading (ECF No. 34) also will be denied because Mr. Washington has had ample time to prepare and file an amended pleading that complies with the pleading requirements of Rule 8 in this action or to obtain counsel to do so. As noted above, Mr. Washington first was directed to file an amended complaint on April 26, 2012, and he has been granted three extensions of time to file the amended complaint. Mr. Washington also fails to present any extraordinary circumstances that would justify another extension of time to file an amended pleading and, other than his vague statement that he seeks to file a more concise pleading and make additional corrections, he fails to specify what corrections he seeks to make. In addition, as discussed below, Mr. Washington's history of filings in the District of Colorado demonstrate that he is either unwilling or unable to file a pleading that complies with Rule 8 and that it would be futile to allow additional time to do so. Therefore, the Court will not allow Mr. Washington to delay this action any longer and the Court will proceed to consider the amended complaint timely filed by Mr. Washington on October 1.

The Court must construe the amended complaint liberally because Mr. Washington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the

amended complaint and the action will be dismissed.

The Court has reviewed the amended complaint and finds that Mr. Washington has failed to correct the deficiencies identified by Magistrate Judge Boland. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland determined that Mr. Washington's original complaint in

this action did not comply with the pleading requirements of Rule 8 for the following reasons:

> Mr. Washington fails to provide a short and plain statement of his claims showing that he is entitled to relief because the Title VII Complaint is prolix and repetitive, does not include a clear and concise statement of each asserted claim, and does not identify what each Defendant has done that allegedly violates his rights. In short, the Title VII Complaint is confusing and difficult to understand. For example, Mr. Washington postures his first numbered claim for relief as a Title VII claim in which he contends that his rights have been violated because he was not hired for various positions. However, Mr. Washington fails to allege specific facts regarding when he was not hired and the specific positions for which he was not hired. Mr. Washington's assertion that he "scored the highest score on 3 tests and has been called for jobs [sic] interviews and openings more than 6 times, interviewed 6 times 2004, 2006 - 2009 and they refused to hire him and make lame excuses" (ECF No. 1 at ¶9) is not sufficient to identify the specific jobs for which he was not hired or specifically when the alleged discrimination occurred. The true nature of Mr. Washington's Title VII claim is obscured further by the fact that he indicates on the preprinted portion of the court's Title VII Complaint form that he was discriminated against because of his race, color, religion, sex, and national origin (*see* ECF No. 1 at 2 of 64), but he fails to allege specific facts in support of these various theories of discrimination.
>
> Mr. Washington's Title VII claim also is unclear because he includes in the complaint vague and conclusory allegations regarding discrimination against other individuals who are not parties to this action. For example, Mr. Washington alleges that "there are 1000's of potential African, American, black, and minority plaintiffs and applicants that were discriminated against during and since this action was filed" and that "[t]here are 100's of potential plaintiffs/applicants from the past 5 - 20 years." (ECF No. 1 at ¶¶6-7.) As a result, it is not always clear which allegations relate to Mr. Washington and which allegations relate to other individuals.
>
> In addition to alleging that his rights under Title VII

> have been violated in his first claim, Mr. Washington apparently also asserts his first claim pursuant to a variety of other federal and state statutes as well as the United States and Colorado constitutions. (*See*, *e.g.*, ECF No. 1 at ¶¶10-11, 16-17, 19, 21.) However, Mr. Washington's repetitive, conclusory, and often irrelevant factual allegations do not provide a clear and concise statement of the specific claims he is asserting pursuant to the cited statutes and constitutional provisions.
>
> In his remaining claims for relief, which are postured as violations of due process (claim 2), disability discrimination (claim 3), hate crimes and racial discrimination (claim 4), slander and defamation and false claims (claim 5), and criminal stalking (claim 6), Mr. Washington similarly mixes repetitive, conclusory, and often irrelevant factual allegations with citations to a variety of federal statutes and constitutional amendments without providing a clear and concise statement of the factual basis for the specific claims he is asserting. In other words, Mr. Washington fails to allege, clearly and concisely, how his rights under each cited statute and constitutional amendment have been violated and he fails to identify what each specific Defendant did that allegedly violated his rights. Mr. Washington cannot satisfy the requirement of providing a short and plain statement of his claims by alleging in conclusory fashion that Defendants have discriminated against him and that a number of different statutes and constitutional amendments have been violated. This sort of shotgun approach to pleading, which combines disparate and conclusory factual allegations with a variety of legal theories, results in a complaint that is incomprehensible. Neither the court nor the Defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

(ECF No. 7 at 5-7.)

Magistrate Judge Boland specifically advised Mr. Washington that he "must

present his claims clearly and concisely in a manageable format that allows the court and the defendants to know what claims are being asserted and to be able to respond to those claims." (*Id.* at 7.)  Magistrate Judge Boland also advised Mr. Washington

> that, in order to comply with Rule 8, he must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). In particular, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  At the same time, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

(ECF No. 7 at 8.)

Mr. Washington's amended complaint is forty-eight pages long, appears to name fourteen Defendants, and includes six numbered claims for relief.  Within each of the six numbered claims for relief are numerous subclaims asserted pursuant to a variety of federal and state statutes and provisions of the United States and Colorado constitutions.  Although the amended complaint is shorter than the original complaint Mr. Washington filed in this action, the amended complaint suffers from many of the same defects identified by Magistrate Judge Boland with respect to the original complaint.  In fact, it appears that Mr. Washington has made little, if any, effort to correct the deficiencies identified by Magistrate Judge Boland.  To cite just two examples, Mr. Washington still alleges with respect to his Title VII claim that his rights were violated from 2006 to the present (*see* ECF No. 31 at 8-11) without providing specific factual allegations regarding when any individual acts of discrimination

occurred, and he still indicates on the preprinted portion of the court-approved Title VII Complaint form that he suffered discrimination because of his race, color, religion, and sex (*see* ECF No. 31 at 2) without providing specific facts in support of these distinct theories of discrimination.

Mr. Washington's other claims similarly suffer from a lack of clear factual allegations in support of the specific claims being asserted. As a result, the amended complaint fails to provide a short and plain statement of Mr. Washington's claims showing that he is entitled to relief. As Magistrate Judge Boland noted, Mr. Washington's conclusory assertions that his rights under a variety of federal and state statutes and federal and state constitutional provisions have been violated by various individuals and entities are not sufficient to give Defendants fair notice of the specific claims being asserted against them. Instead, the burden Mr. Washington places on the Court and Defendants to identify both the specific claims for relief that are being asserted against each Defendant and what specific allegations support each asserted claim is unreasonable. As Mr. Washington has been advised previously, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For all of these reasons, the Court finds that the amended complaint fails to comply with the pleading requirements of Rule 8 and the action will be dismissed for that reason. The Court notes that Mr. Washington's shotgun approach to pleading is not limited to his filings in this action. *See Washington v. Colo. State Univ. Ft. Collins*,

12-cv-01034-BNB (D. Colo. filed Apr. 17, 2012) (pending case in which Plaintiff was ordered to file amended pleading that complies with Rule 8); *Washington v. Colo. State Univ.*, 10-cv-01889-LTB (D. Colo. Mar. 2, 2011) (dismissed pursuant to Rule 8), *appeal dismissed*, No. 11-1166 (10th Cir. Aug. 30, 2011); *Washington v. Colo. State Univ.*, No. 10-cv-01888-ZLW (D. Colo. Jan. 6, 2011) (dismissed pursuant to Rule 8), *appeal dismissed*, No. 11-1133 (10th Cir. May 16, 2011); *Washington v. Colo. State Univ. Ft. Collins*, No. 09-cv-02970-ZLW (D. Colo. May 12, 2010) (dismissed pursuant to Rule 8), *aff'd*, No. 10-1254 (10th Cir. Dec. 15, 2010).  In each of these cases, Mr. Washington has been advised that he cannot satisfy the requirements of Rule 8 with conclusory allegations that various individuals and entities violated his rights under various statutes and constitutional provisions without providing specific factual allegations in support of each claim he is asserting.  Mr. Washington's repeated failure to heed this advice is abusive.  Therefore, Mr. Washington is warned that the Court can and will impose appropriate sanctions if he persists in engaging in abusive litigation tactics.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that Plaintiff's motion to replace various pages of the amended complaint (ECF No. 32) is GRANTED.  It is

FURTHER ORDERED that Plaintiff's emergency motion for a stay (ECF No. 33) is DENIED.  It is

FURTHER ORDERED that Plaintiff's motion for additional time to file another amended pleading (ECF No. 34) is DENIED.  It is

FURTHER ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   16th   day of    October   , 2012.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court