FILED  
**United States Court of Appeals**  
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 4, 2012**

Elisabeth A. Shumaker  
Clerk of Court

In re:

LESTER L. WASHINGTON,

    Petitioner.

Nos. 12-1396 & 12-1397  
(D.C. Nos. 1:12-CV-1033-BNB &  
1:12-CV-01034-BNB)  
(D. Colo.)

**ORDER**

Before **KELLY**, **LUCERO** and **HARTZ**, Circuit Judges.

    Lester L. Washington has filed two petitions for writ of mandamus, along with a motion for leave to proceed without prepayment of costs or fees in each of these matters. His mandamus petitions relate to two of his civil actions that were recently dismissed by the District of Colorado, *Washington v. CSU Ft. Collins*, No. 12-CV-01033-BNB, and *Washington v. Colo. State Univ. Ft. Collins*, No. 12-CV-01034-BNB. He seeks an order from this court to forgive his debts to those defendants, or direct those defendants to forgive his debts to them. He also has filed appeals from the district court's orders dismissing those actions, which this court has designated Nos. 12-1471 and 12-1473. Upon consideration, we deny the petitions for writ of mandamus as utterly frivolous and, accordingly, also deny his motions for leave to proceed without prepayment of costs or fees. *See Coppedge v. United States*, 369 U.S. 438, 448 (1962).

"The Supreme Court has made it clear that mandamus is a 'drastic' remedy that is 'to be invoked only in extraordinary situations.'" *In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2008) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Allied Chem.*, 449 U.S. at 35. Mandamus may not be used as a substitute for appeal. *Will v. United States*, 389 U.S. 90, 97 (1967).

Mr. Washington's lengthy petitions for writ of mandamus are nearly incomprehensible and are clearly frivolous. He has made no reasoned argument in his petitions to show that he has the necessary "clear and indisputable right to [mandamus] relief." *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (per curiam). We caution Mr. Washington that persisting in filing such frivolous petitions may result in the imposition of filing restrictions.

The petitions for writ of mandamus are frivolous and are denied. The motions to proceed in these matters without prepayment of costs or fees are also denied, and Mr. Washington is directed to pay the entire $450 filing fee for each petition forthwith.

                                              Entered for the Court

                                              ELISABETH A. SHUMAKER, Clerk